IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BAYS EXPLORATION, INC, a Texas corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case Number CIV-08-821-C |
| EFS O&G, LLC, a Delaware limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a complaint under 28 U.S.C. § 2201 seeking a declaration of its rights with respect to a pipeline it constructed and a partnership agreement it concluded with Defendant.  Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(7) or to abstain.  (See Dkt. No. 8; Dkt. No. 12).  Plaintiff responded (see Dkt. No. 16) and Defendant filed a reply.  (See Dkt. No. 19).

## BACKGROUND

Plaintiff is a Texas corporation engaged in oil and gas exploration.  Its principal place of business is in Oklahoma.  Defendant is a Delaware limited liability company with its principal place of business in Connecticut.  On February 22, 2007, Plaintiff and Defendant entered into an Agreement of Limited Partnership ("the Partnership Agreement") and formed Bays Energy Partners 2007, L.P. ("the Partnership").  Pursuant to the Partnership Agreement, Plaintiff is the general partner of the Partnership and Defendant is the limited partner.  After

formation of the Partnership, Plaintiff entered into a Purchase and Sale Agreement with the Partnership. According to its terms, the Partnership purchased a majority of Plaintiff's oil and gas properties. Both the Purchase and Sale Agreement and the Partnership Agreement specify that they are to be construed and enforced in accordance with Texas law.

Subsequently, Plaintiff (individually and on behalf of the Partnership) drilled numerous oil and gas wells. Plaintiff then attempted to obtain gas purchase contracts from companies operating in the vicinity of the wells, but determined that the terms of the offered contracts were unreasonable. Plaintiff informed Defendant that it would be in the best interests of the Partnership for Plaintiff to build a pipeline to service the new wells, so Plaintiff began construction on the Treasure Valley Pipeline ("the Pipeline"), running through Garvin and Murray Counties in Oklahoma.

The present dispute centers around ownership of the Pipeline. Plaintiff claims that, during discussions regarding the drilling of the Pipeline, it specifically advised Defendant that Plaintiff would acquire and construct the Pipeline. Plaintiff claims that it told Defendant that it might sell the Pipeline to the Partnership should certain conditions be met. Because Plaintiff alleges that these conditions were not met, it asserts that it is the owner of the Pipeline.

Defendant claims that the Partnership Agreement contemplated acquisition of a pipeline. It claims that, during discussions about building the Pipeline, it emphasized that it was to be owned by the Partnership, and Plaintiff agreed. Defendant claims that, throughout construction, Plaintiff insisted that it would submit invoices to the Partnership so

that it could pay for and own the Pipeline.  However, in early 2008, Defendant claims that

Plaintiff announced it intended to retain ownership of the Pipeline in violation of the

Partnership Agreement.  Consequently, Defendant filed suit in Texas state court, alleging that

Plaintiff breached the Partnership Agreement by failing to offer the Partnership the right to

acquire the Pipeline itself.  Plaintiff filed the present suit three days later.  Plaintiff requests

that the Court declare that it has not materially breached the Partnership Agreement, is not

obligated to construct or acquire a pipeline on behalf of the Partnership, is not obligated to

sell the Pipeline to the Partnership, and has not committed fraud or misrepresentation with

respect to ownership of the Pipeline.

## **DISCUSSION**

Defendant argues that the Court should abstain from deciding this case because there

is concurrent state litigation pending.[1]  It is well established that abstention is only proper in

a small minority of cases.  New Orleans Pub. Serv., Inc. v. Council of City of New Orleans,

491 U.S. 350, 359 (1989).  Congress defines the extent of federal judicial jurisdiction,[2] and

"[w]hen a Federal court is properly appealed to in a case over which it has by law

jurisdiction, it is its duty to take such jurisdiction."  Willcox v. Consol. Gas Co. of N.Y., 212

U.S. 19, 40 (1909).  Whenever there is parallel state court litigation, the Colorado River

---

[1] Because the Court finds abstention dispositive here, it does not address Defendant's
remaining claims that the Partnership is a necessary and indispensable party to the federal lawsuit
and that its joinder would therefore destroy the Court's subject matter jurisdiction.

[2] U.S. Const. art. III, § 1; Kline v. Burke Constr. Co., 260 U.S. 226, 233-34 (1922) (noting
that Congress "may give, withhold or restrict such jurisdiction at its discretion, provided it be not
extended beyond the boundaries fixed by the Constitution").

doctrine mandates that a federal court may abstain from exercising jurisdiction only in "exceptional circumstances."[3]

In the context of the Declaratory Judgment Act, however, courts are given more discretion in deciding whether to exercise their jurisdiction.  Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).[4]  Because the Act provides a nonobligatory remedy,[5] district courts may decline to hear a case, even if it would otherwise satisfy jurisdictional requirements. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942); Wilton, 515 U.S. at 288 (noting that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.").  In deciding whether to exercise its discretion to decline jurisdiction, a district court must determine whether the issues between the parties in the

---

[3] In Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), the Supreme Court examined how federal courts should proceed when faced with a situation where they shared concurrent jurisdiction with state courts.  Due to the "virtually unflagging obligation" of federal courts to hear cases within their jurisdiction, the Court noted that "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention.  The former circumstances, though exceptional, do nevertheless exist." Id. at 818.

[4] Plaintiff's response incorrectly discusses the Colorado River standard for abstention (see Dkt. No. 16), which does not apply here since Plaintiff's claims arise under the Declaratory Judgment Act.

[5] The language of the Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).  The Supreme Court noted that, in passing the Act, "Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." Wilton, 515 U.S. at 288.

federal litigation can be better resolved in the state court proceedings.  <u>Brillhart</u>, 316 U.S. at

495.   To make this determination, courts in this circuit consider a variety of factors,

including:

> "[1] whether a declaratory action would settle the controversy; [2] whether it
> would serve a useful purpose in clarifying the legal relations at issue;
> [3] whether the declaratory remedy is being used merely for the purpose of
> 'procedural fencing' or 'to provide an arena for a race to *res judicata*';
> [4] whether use of a declaratory action would increase friction between our
> federal and state courts and improperly encroach upon state jurisdiction; and
> [5] whether there is an alternative remedy which is better or more effective."

<u>State Farm Fire & Cas. Co. v. Mhoon</u>, 31 F.3d 979, 983 (10th Cir. 1994).  Application of

these factors indicates that it is appropriate for the Court to decline exercising jurisdiction in

this case.

It is apparent that a declaratory judgment rendered by the Court will not settle the

controversy, and the first factor therefore weighs in favor of declining jurisdiction.  In <u>United</u>

<u>States v. City of Las Cruces</u>, 289 F.3d 1170, 1187 (10th Cir. 2002), the Tenth Circuit found

that, while the federal action would resolve the controversy between the plaintiff and the

named defendants, any declaration issued by the court would not be binding on any parties

not joined in the action.  Because there were numerous other parties who might assert rights

similar to the named defendants, the Circuit found that a declaratory judgment would not

settle the controversy.  <u>Id.</u>

The same reasoning applies here.  While a decision rendered by this Court will

determine the rights of Plaintiff and Defendant with respect to the Pipeline and the

Partnership Agreement, it will do nothing to determine the Partnership's rights.  The

Partnership is an entity separate from both of its partners[6] and, because it is not named as a party in the federal lawsuit, any decision in this case will not bind the Partnership. As a result, another lawsuit could be brought by the Partnership to relitigate these same issues. Therefore, the controversy will not be settled by a declaratory judgment in this case.

Plaintiff attaches to its response a ratification signed by Joe Bays, president of Plaintiff corporation. (See Dkt. No. 16 Ex. 5). This ratification purports to be in accordance with Federal Rules of Civil Procedure 17(a), and it asserts that the Partnership ratifies the present lawsuit and will not file any other lawsuits against the Defendant. It further asserts that the Partnership agrees to be bound by the judgment entered in this case. However, Rule 17(a) has no applicability in this context. That rule permits a party to bring an action in its own name without joining the real party in interest as a plaintiff. There is no indication that the Partnership is the real party in interest here. Further, the Court finds that Plaintiff does not have the authority to determine that the Partnership will be bound by the outcome of this litigation or that it will not bring later lawsuits. Based on the Partnership Agreement executed by Plaintiff and Defendant, Plaintiff as general partner does not have the authority "to take any action with respect to the assets or property of the Partnership which benefits the General Partner . . . to the detriment of the Limited Partner or the Partnership." (Dkt. No.

---

[6] Under Texas law, "[f]or most purposes, a partnership is a legal entity separate from its partners." ISO Prod. Mgmt. 1982, Ltd. v. M&L Oil & Gas Exploration, Inc., 768 S.W.2d 354, 355 (Tex. App. 1989).

1 Ex. 1, at 35).  Plaintiff does not have the power to bind the Partnership to any agreement with respect to its rights over the Pipeline.

The second <u>Mhoon</u> factor also weighs in favor of declining jurisdiction for essentially the same reasons as the first.  Issuing a declaratory judgment in this case will not serve to clarify the legal relations at issue because the Partnership would not be bound by the judgment.  The same issues could, and very likely would, be relitigated in a later proceeding.  There is nothing to guard against a multiplicity of lawsuits, and therefore proceeding with this case would not provide any degree of clarity with respect to the issues involved.

While the third and fourth <u>Mhoon</u> factors appear somewhat neutral in this case,[7] the fifth factor weighs heavily in favor of declining jurisdiction.  The Court finds that the Texas state court would be able to provide a more effective remedy to resolve this dispute.  The Partnership is a named party in the state court litigation, and therefore any judgment rendered there would be binding on all interested parties.  This would foreclose the possibility of multiple lawsuits regarding the same issues.  Also, Texas state court would be an appropriate forum because the contracts specifically call for application of Texas state law and Plaintiff is a Texas corporation.  These facts indicate that any judgment rendered by the Texas state court would be more effective in resolving the dispute than one rendered by this Court.

---

[7] The Court is not certain whether Plaintiff filed this lawsuit merely for the purpose of "procedural fencing."  While Defendant has raised such allegations, and while the timing of this lawsuit may be suspicious, the Court does not find that this factor weighs in favor of or against declining jurisdiction.  Likewise, the Court is not certain that exercising jurisdiction over this case would increase friction between federal and state courts or would otherwise encroach on the jurisdiction of Texas courts.

Plaintiff argues that Kendall County, Texas is not an appropriate forum in which to resolve this dispute. According to Plaintiff, venue is not proper in Kendall County because it has no relationship with the formation of the Partnership, the performance of the Partnership Agreement, or the Pipeline. Plaintiff also argues that, because the dispute involves a determination of an interest in real property in Oklahoma, venue is not proper in Kendall County, nor does that court have subject matter jurisdiction over the pending litigation.

It is unclear where venue would be proper under applicable Texas law. This determination depends in part on whether the rights to the Pipeline are construed as affecting interests in real or personal property, and the requisite evidence is not before this Court. See Trenolone v. Cook Exploration Co., 166 S.W.3d 495, 499 (Tex. App. 2005) (noting that "[i]t is the intent of the party placing the property that is critical in determining the character of the property" and that such intent may be shown by an agreement between contracting parties). Despite this uncertainty, the Court still finds that the state court system would provide a more effective remedy to resolve the present dispute.

Because there are concerns about whether the Texas state court is an appropriate forum, however, the Court decides to stay the present case pending resolution of the state court action.[8] Accordingly, Defendant's motion to dismiss or abstain (Dkt. No. 8; Dkt. No.

---

[8] "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." Wilton, 515 U.S. at 288 n.2.

12) is GRANTED.  All proceedings in this matter are STAYED pending resolution of <u>EFS O&G, LLC, Individually and on Behalf of Bays Energy Partners 2007, L.P., v. Bays Exploration, Inc.</u>, No. 08-340 (Kendall County District Court filed Aug. 5, 2008).

      IT IS SO ORDERED this 20th day of October, 2008.


ROBIN J. CAUTHRON
United States District Judge